

Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Phone: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

October 25, 2019

**VIA CM/ECF FILING**
The Honorable Kevin McNulty
United States District Judge for the District of New Jersey
Lautenberg U.S. Courthouse & Post Office
Newark, New Jersey 07102

      RE:    Case No. 2:19-cv-15975-KM-JBC; *DISH Network L.L.C. and NagraStar LLC v. BimoTV, LLC, et al.*; in the United States District Court for the District of New Jersey.

Dear Judge McNulty:

I, along with John Petriello and Chad Hagan, represent Plaintiffs DISH Network L.L.C. and NagraStar LLC ("Plaintiffs") in the above-referenced matter. We are writing in connection with: (1) the November 18, 2019 hearing on Plaintiffs' Motion for Clerk's Entry of Default (Dkt. 14) (hereinafter "Default Hearing"); (2) the November 12, 2019 hearing on the Order to Show Cause on Plaintiff's Application for Preliminary Injunction and Preservation Order (Dkt. 1-2, 1-3, 3, 11) (hereinafter "OTSC Hearing"); and (3) Plaintiffs' ongoing efforts to personally serve Defendant Fernandez Manuel DaRocha, individually and d/b/a SolTV (hereinafter "Defendant DaRocha").

With respect to the Default Hearing, Plaintiffs are currently engaged in settlement negotiations with Defendant Wilmy Jimenez. Plaintiffs anticipate that these negotiations should be complete by early December 2019, and that these negotiations will also address the claims against Defendants BimoTV, LLC and Magnum Support, LLC. If the settlement fails, Plaintiffs will proceed with the default motion. Therefore, Plaintiffs respectfully request that your Honor hold the Default Hearing in abeyance until December 16, 2019, or until a date thereafter that is convenient for the Court.

With respect to the OTSC Hearing, based on the foregoing with respect to Defendants Wilmy Jimenez, BimoTV, LLC, and Magnum Support, LLC, and because Plaintiffs are continuing with their ongoing diligent efforts to personally serve Defendant DaRocha, at this time Plaintiffs hereby withdraw, without prejudice to renewing same, their Order to Show Cause on Plaintiffs' Application for Preliminary Injunction and Preservation Order. Therefore, Plaintiffs respectfully

THE HONORABLE KEVIN MCNULTY
OCTOBER 25, 2019
PAGE | 2

request that your Honor remove the OTSC hearing from the Court's calendar, without prejudice to the same being reset at a later date.

With respect to Plaintiff's ongoing diligent efforts to serve Defendant DaRocha, Plaintiffs are seeking private process service upon Defendant DaRocha in Canada under Rule 4(f)(1) of the Federal Rules of Civil Procedure and Article 10(c) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Rule 4(m) of the Federal Rules of Civil Procedure, which provides for a 90-day service deadline unless good cause is shown, provides that "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f)." However, "[m]ost courts faced with a challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should be excused." *Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012).

Here, Plaintiffs have engaged the services of both a process server and an investigator in Canada and have made multiple service attempts at various addresses associated with Defendant DaRocha, including his SolTV business address. During a service attempt at the SolTV business address, a SolTV representative indicated that Mr. DaRocha was not there. The service package was left for him at that time. In a separate service attempt at a residence for Defendant DaRocha, a neighbor indicated that the residents are Portuguese. This is consistent with that being a residence for Mr. DaRocha given that he is believed to be Portuguese and because SolTV was directed to Portuguese customers. Plaintiffs have also emailed the service Package to Defendant DaRocha at multiple email addresses of record for Defendant DaRocha.

Plaintiffs are diligently seeking to effectuate service upon Defendant DaRocha. Defendant DaRocha is undoubtedly aware of the case and has been provided access to the service package—through the copy left with an agent at Defendant SolTV's business location and through the copies sent to him directly via email. Plaintiffs wish to continue their efforts to personally serve Defendant DaRocha before seeking alternative relief from this Court. Therefore, based on the above, and pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs request that your Honor allow Plaintiffs an additional ninety (90) days to continue their efforts to personally serve Defendant DaRocha before Plaintiffs are required to seek further relief from this Court.

In summary, based on the foregoing, Plaintiff's respectfully request:

1. That your Honor hold the Default Hearing in abeyance until December 31, 2019, or until a date thereafter that is convenient for the Court;

2. That your Honor remove the OTSC Hearing from the Court's calendar, without prejudice to the same being reset at a later date; and

3. That your Honor allow Plaintiffs an additional ninety (90) days to continue their efforts to personally serve Defendant DaRocha before Plaintiffs are required to seek further relief from this Court.

THE HONORABLE KEVIN MCNULTY
OCTOBER 25, 2019
P A G E | **3**

Thank you for your consideration.

                                                                Sincerely,

                                                         Jeffrey L. Befort

c:      John J. Petriello
        Ehrlich, Petriello, Gudin, & Plaza